### Goldman v. Ford Motor Corporation

*Bernard M. Gross*, for plaintiff.

*Joseph V. Pinto*, for defendant Ford Motor Company.

KALISH, J., January 21, 1974.—The parties agreed that plaintiff would serve process on the Secretary of the Commonwealth. Plaintiff further indicated that he had no objection to transferring the case for compulsory arbitration.

On the issue of forum non conveniens, it appears that the accident happened in the vicinity of Berlin, N. J., which is about 10 or 12 miles from Philadelphia; plaintiff resides in Philadelphia; Ford Motor Company does business in Philadelphia; the whereabouts of defendants Weinberg is unknown although their last known address apparently was in Berlin, N. J. Plaintiff further indicates that all his medical witnesses are located in Philadelphia.

Defendant contends that Philadelphia was used as the forum to start suit in order to harass the Ford Motor Company and that, in reality, plaintiff has no cause of action against Ford Motor Company. Except for counsel's statement and the fact that plaintiff's counsel has on another occasion used the same device, there is nothing to indicate any harassment. Certainly, the complaint states a good cause of action.

Plaintiff's choice of the forum in which to bring the action should not be disturbed unless for good cause, and the burden is upon defendant to prove that plaintiff's choice should be disturbed.

Berlin, N. J., is only 10 or 12 miles from Philadelphia and there is ready and easy access to Philadelphia from Berlin, N. J. Plaintiff's medical witnesses are here. There is relative ease of access to sources of proof. The trial can be just as expeditiously tried here. For all these reasons, the court will not disturb the forum chosen by plaintiff.